**RoyaIN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| Christopher Tribble, and wife, | ) | |
| Terri Tribble | ) | Docket No: 1:19-cv -14 |
|     Plaintiffs, | ) | |
| | ) | JURY DEMANDED |
| v. | ) | |
| | ) | |
| Isle Edge Trucking, Inc., Steven Allen | ) | |
| Burdick, Royal Express, Inc., KLLM | ) | |
| Transport Services, LLC, and Stanley | ) | |
| Richardson, | ) | |
| | | |
|     Defendants. | | |

## FIRST AMENDED COMPLAINT

Comes now the Plaintiffs Christopher Tribble and his wife Terri Tribble, and file this complaint, and show unto the Court as follows:

## <u>PARTIES</u>

1. Christopher Tribble and Terri Tribble are residents of the State of Alabama.

2. Defendant, Isle Edge Trucking, Inc., doing business as, (hereinafter referred to as "Isle Edge"), is a corporation organized in the State of Wisconsin and transacting business in the State of Tennessee on the date at issue.

3. Isle Edge can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its registered agent Robert M. Asbury at 5371 Lyons View Pike, Suite 210, Knoxville, TN 37919.

4. Isle Edge is registered with U.S. Department of Transportation under DOT number 1482855.

5. Isle Edge's motor carrier number is 562188.

1

6.  Defendant Steven Allen Burdick is a resident of the State of Wisconsin and can be served with a Summons and Complaint at 309 N. Church Street Watertown, WI 53094.

7.  Defendant, Royal Express, Inc., doing business as, (hereinafter referred to as "Royal Express"), is a corporation organized in the State of Wisconsin and transacting business in the State of Tennessee on the date at issue.

8.  Royal Express can be served through its attorney, Mary Ann Stackhouse, Esq., who is agreeable to accept service.

9.  Defendant Stanley Richardson is a resident of the State of North Carolina and can be served with a Summons and Complaint at 5892 Columbine Road, Fayetteville, North Carolina, 28306.

10. Defendant, KLLM Transport Services, LLC., (hereinafter referred to as "KLLM"), is a corporation organized in the State of Mississippi and transacting business in the State of Tennessee on the date at issue.

11. Defendant, KLLM can be served through its registered agent, United States Corporation Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

12. KLLM is registered with U.S. Department of Transportation under DOT number 154237.

13. KLLM's motor carrier number is 138308.

14. **<u>NOT TO BE READ TO THE JURY</u>**: The State of Tennessee, who may be served with process through the Attorney General of the State of Tennessee: The Honorable Herbert Slattery, III, Office of the Tennessee Attorney General, John Sevier Building, 500 Charlotte Avenue, Nashville TN  37243, is included as a statute is declared to be unconstitutional.

## JURISDICTION AND VENUE

15. All preceding statements of plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

16. Jurisdiction is proper under 28 U.S.C. §1332 as complete diversity between the parties exist and an amount in controversy over $75,000.00.

17. Venue is proper to this Court pursuant to 28 U.S.C. §1391(a) because the crash giving rise to this action occurred in Hamilton County, Tennessee.

## STATEMENT OF FACTS

18. All preceding statements of plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

19. Defendant Isle Edge is an interstate common carrier based out of Wisconsin.

20. Defendant KLLM is an interstate common carrier based out of Mississippi.

21. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Isle Edge and Defendant Burdick and KLLM and Defendant Stanley were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

22. The Freightliner tractor involved in the wreck was owned by Royal Express.

23. Defendant Burdick was assigned to drive a tractor trailer owned by Royal Express with the knowledge, consent, and permission of Isle Edge.

24. Royal Express was responsible to maintain the tractor trailer driven by Defendant Burdick at the time of the wreck.

25. Royal Express provided its tractor trailer for use by Defendant Burdick and /or Defendant Isle Edge by a written contract.

3

26. Defendant Royal Express had a duty to ensure it provided safe equipment with working brakes and good tires.

27. Defendant Royal Express had a duty to ensure it did not provide tractor trailers to unlicensed drivers.

28. Defendant Royal Express had a duty to ensure it did not provide tractor trailers to unqualified drivers.

29. Defendant Royal Express had a duty to provide tractor trailers to safe, qualified motor carriers.

30. Defendant Royal Express had a duty to conduct a due diligence safety review before contracting the use of its tractor trailer.

31. Defendant Royal Express had the capacity and resources, and ability to ensure that the persons or entities it entrusted its tractor trailers were safe and qualified.

32. It is part of the minimum standards for companies like Royal Express to make safety inquires before allowing tractor trailers to be used.

33. At all times relevant hereto, the Defendants Royal Express, Isle Edge and Burdick were acting in a joint enterprise. Each made money by the efforts and capital of the other defendants.

34. Upon information and belief, at the time of the collision, Defendant Burdick was an employee and/or agent of defendant Isle Edge.

35. Upon information and belief, at all times relevant hereto, Defendant Burdick was a truck driver for Defendant Isle Edge and was acting within the scope and course of the business of Defendant Isle Edge.

36. Defendant Isle Edge had a duty to maintain the tractor-trailer to insure the safety of citizens on the roads, interstates and highways.

4

37. Defendant Isle Edge had a duty to hire qualified tractor trailer drivers to insure the safety of citizens on the roads, interstates and highways.

38. Defendant Isle Edge had a duty to properly train its tractor trailer drivers to insure the safety of citizens on the roads, interstates and highways.

39. Defendant Burdick had a duty to inspect the tractor-trailer before driving it to insure the safety of citizens on the roads, interstates and highways.

40. Defendant Burdick had a duty to give full attention to the traffic in front of him to insure the safety of citizens on the roads, interstates and highways.

41. Defendant Burdick had a duty to operate his tractor trailer with the same care as similarly situated tractor trailer drivers.

42. The second Freightliner tractor involved in the wreck was owned by KLLM.

43. Defendant Richardson was assigned to drive a tractor trailer owned by KLLM with the knowledge, consent, and permission of KLLM.

44. The KLLM truck and Defendant Richardson were involved in this wreck.

45. Upon information and belief, on or about May 13, 2018, Defendant Burdick was driving a tractor-trailer, owned by Royal Express, westbound on I-24 in Hamilton County, Tennessee with permission of Isle Edge.

46. Upon information and belief, on or about May 13, 2018, Defendant Richardson was driving a tractor-trailer, owned by KLLM, westbound on I-24 in Hamilton County, Tennessee with permission of KLLM.

47. Defendant Burdick was in the left lane traveling westbound on Interstate 24 when he lost control of his tractor trailer and left the roadway.

5

48. After losing control of the tractor trailer, Defendant Burdick's tractor and trailer struck the guardrail causing the tractor and trailer to overturn.

49. At the same time and place, Mr. Tribble was traveling westbound on Interstate 24 in the right lane.

50. Defendant Burdick's tractor, after hitting the guardrail careened into the right hand lane of travel blocking the lane for Mr. Tribble.

51. Mr. Tribble saw the tractor trailer begin to slide, encroaching into his lane, and Mr. Tribble attempted to avoid the tractor trailer by braking and steering to the shoulder of the roadway.

52. Unable to avoid the front end of the tractor trailer in his path, Mr. Tribble hit the Defendant Burdick's tractor.

53. The impact of this collision caused Mr. Tribble to spin out and hit the guard rail on the right side of the road. See the damage to Mr. Tribble's vehicle below:

Case 1:19-cv-00014-DCLC-CHS   Document 26   Filed 05/16/19   Page 6 of 21   PageID #: 150



Case 1:19-cv-00014-DCLC-CHS   Document 26   Filed 05/16/19   Page 7 of 21   PageID #: 151





8

54. Mr. Tribble bears zero (0%) fault for this wreck.

55. Mr. Tribble did not cause or contribute to the wreck.

56. Mr. Tribble did not fail to act in any reasonable, prudent manner.

57. Mr. Tribble was severely injured as a result of the collision.

58. The actions or inactions of Defendant Burdick were negligent and combined with the actions or inactions of other defendants resulted in and proximately caused the injuries to Mr. Tribble.

**COUNT I**
**NEGLIGENCE OF DEFENDANT BURDICK**

59. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

60. Drivers upon the roads of Tennessee are charged with a duty to drive as a reasonable or ordinary person would drive.

61. The laws in the State of Tennessee have been established and define the minimum standard of how an ordinary and reasonable person should operate the vehicle.

62. When conditions are present, such as driving a tractor trailer which weights as much as 80,000 pounds and possess a greater risk to the public, a higher degree of care is required to be exercised by the operator. *See Hickman v. Jordan*, 87 S.W.3d 496, 499 (Tenn.Ct. App. 2001).

63. The tractor trailer driven by Defendant Burdick was driven with the permission and at the direction of Defendant Isle Edge.

64. Upon information and belief, the tractor trailer driven by Defendant Burdick was driven in the course and scope of his employment with the business of Defendants Isle Edge and Royal Express.

65. Regardless of the employment relationship, Isle Edge is the registered owner of US DOT Number 1482855 displayed on the tractor involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

66. Regardless of the employment relationship, Isle Edge is the registered owner of Motor Carrier Number 562188 displayed on the tractor involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

67. At the time and place of this collision, Defendant Burdick was generally negligent under the circumstances then and there existing in that he violated the minimum standard of care when he:

   a. Failed to keep his vehicle under control;

   b. Failed to keep a proper lookout;

   c. Failed to maintain lane;

   d. Failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision;

   e. Operated his vehicle at an excessive speed;

   f. Drove too fast for conditions;

   g. Failing to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road;

   h. Failing to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

   i. Drove in a reckless manner;

68. Defendant Burdick's negligence directly and proximately caused the collision with the Plaintiffs' vehicle.

69. Defendant Burdick's negligence directly and proximately caused the injuries suffered by the Plaintiffs.

## COUNT II
## NEGLIGENCE PER SE

70. All preceding statements and allegations of Plaintiffs' complaint are incorporated and re-alleged as if expressly set forth herein.

71. At the time and place of this crash, the Defendant Burdick  was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee; to include but not be limited to:

    a.  T.C.A. §55-8-136 Due Care

    b.  T.C.A. §55-8-123 Failure to Maintain Lane

    c.  T.C.A. §55-10-205 Reckless Driving

72. The Tennessee statutes were created to protect drivers on Tennessee roadways.

73. Mr. Tribble is a member of the class the Tennessee Legislature intended to protect.

74. That Defendants Isle Edge and/or Royal Express, and Burdick were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, at the time and date of the collision.

75. That Defendants Isle Edge and/or Royal Express, and Burdick will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

76. Defendant Burdick and/or Royal Express, and Defendant Isle Edge violated the following FMCSA violations:

    a.  49 CFR 383 (Commercial Driver's License Standards)

11

      b.   49 CFR Part 390 (General)

      c.   49 CFR Part 390.11 (Duty of Carrier to Make Sure Driver Follows the Rules)

      d.   49 CFR Part 392 (Operations of Commercial Motor Vehicle)

      e.   49 CFR Part 393 (Parts and Accessories Necessary for Safe Operation)

      f.   49 CFR Part 395 (Hours of Service)

      g.   49 CFR Part 396 (Inspection, Repair and Maintenance).

77.  The FMCSR was created to eliminate crashes protecting drivers on U.S. roadways.

78. Mr. Tribble is within the group of individuals sought to be protected by the FMCSR.

**COUNT III**
***RESPONDEAT SUPERIOR***

79. All preceding statements and allegations of Mr. Tribble's complaint are incorporated and re-alleged as if expressly set forth herein.

80. At all times relevant hereto, Defendant Isle Edge was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

**COUNT IV**
**NEGLIGENT HIRING, TRAINING, ENTRUSTMENT,
RETENTION AND MAINTENANCE**

81. All preceding statements and allegations of Mr. Tribble's complaint are incorporated and re-alleged as if expressly set forth herein.

82. Defendants Isle Edge and/or Royal Express, was negligent in hiring and/or contracting with Defendant Burdick to drive the tractor-trailer at issue.

83. Defendant Isle Edge and/or Royal Express, was negligent in training of Defendant Burdick in the inspection of the tractor-trailer.

84. Defendant Isle Edge and/or Royal Express, was negligent in failing to teach defendant Burdick to properly drive the tractor-trailer.

85. Defendant Isle Edge and/or Royal Express, was negligent in entrusting Defendant Burdick to drive a truck professionally.

86. Defendant Isle Edge and/or Royal Express, was negligent in retaining Defendant Burdick to drive the tractor-trailer at issue.

87. Defendant Isle Edge and/or Royal Express, failed to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Burdick.

88. Defendant Isle Edge and/or Royal Express, was negligent in their failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

89. Defendant Isle Edge and/or Royal Express, was negligent in their failure to properly maintain the tractor-trailer involved in the collision.

90. Defendant Isle Edge and/or Royal Express, failed to set a safety procedure to ensure Defendant Burdick complied with the dictates of the FMCSA.

91. Defendant Isle Edge and/or Royal Express, had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

92. The negligence of Defendant Isle Edge and/or Royal Express, was a proximate cause of the injuries sustained by Mr. Tribble.

93. As a result of Defendants Isle Edge's and/or Royal Express', negligence, Mr. Tribble suffered serious injuries affecting his activities of normal daily living.

94. Defendant Isle Edge's and/or Royal Express', action or inaction constituted negligence and/or combined and concurring with the negligence of the other defendants, resulted in and proximately caused injuries to Mr. Tribble.

## COUNT V - NEGLIGENCE AND GROSS NEGLIGENCE OF ROYAL EXPRESS, INC.

95. All preceding statements and allegations of the complaint are incorporated and re-alleged as if expressly set forth herein.

96. At all times relevant hereto, Defendants Royal Express, Inc. and Isle Edge Trucking, Inc. were acting in a joint enterprise:

    a.   They agreed to move property for profit;

    b.   They had a written contract;

    c.   They coordinated and combined resources and skills in order to achieve their objective of interstate transportation in order to earn money.

97. Royal Express knew or should have known:

    a.   Burdick was incompetent to drive the tractor trailer,

    b.   Burdick was unfit to drive the tractor trailer,

    c.   That publicly available information showed Isle Edge was an incompetent and unfit motor carrier employing unsafe drivers.

98. Royal Express knowing or having reason to know, of Burdick's and Isle Edge's incompetence and unfitness was negligent and grossly negligent in entrusting the tractor trailer to Burdick and Isle Edge.

99. Royal Express was negligent in considering, investigating and selecting Defendant Isle Edge to use the tractor-trailer.

14

100. Royal Express was negligent in considering, investigating and selecting Defendant Burdick to use the tractor-trailer without determining he was qualified to do so in violation of 49 CRF §391.11.

101. Royal Express had a duty to promulgate and enforce rules and regulations to ensure their tractor trailers were entrusted to reasonably safe trucking companies and reasonably safe CDL drivers, and negligently failed to do so.

102. Royal Express failed to conduct proper and required checks on the background of Defendants Isle Edge and Burdick.

103. Royal Express failed to properly maintain the tractor trailer and the tractor trailer's poor condition was a cause of the wreck.

104. Royal Express was negligent in their failure to exercise ordinary care to determine the fitness of their employees, agents, and/or contractors, in particular Isle Edge and Defendant Burdick, for the task of driving an interstate tractor-trailer.

105. Royal Express had a duty to promulgate and enforce rules and regulations to ensure their vehicles were reasonably safe, and negligently failed to do so.

106. Royal Express' actions and inactions as set forth above were negligent and grossly negligent.

107. As a result of Royal Express' gross neglect of the risks attendant to their decision not to vet Isle Edge and Burdick, not to train their employees in their inherently dangerous work, and not to develop or enforce appropriate guidelines consistent with prevailing safety standards and applicable law, Royal Express is liable for actual and punitive damages under applicable law.

108. Royal Express actions and inactions individually, and combined and concurring with the acts of the other Defendants, are a proximate cause of the damages to the Tribbles.

15

109.     That the acts of negligence attributable to Royal Express as shown in this Complaint, are direct, not vicarious, acts of negligence (see: 49 USC §30106 (a)(2) and Restatement of Torts, 2d, §428.)

110.     As the owner of the truck, Royal Express is vicariously liable for the acts of Defendant Burdick and Isle Edge.  To the extent Royal Express' vicarious liability is preempted by 49 USC §30106 (the Graves Amendment), Plaintiffs allege that Royal Express is uninsured for purposes of their insurance contract.

## COUNT VI – NEGLIGENCE OF KLLM AND STANLEY RICHARDSON

111.     All preceding statements and allegations of Mr. Tribble's complaint are incorporated herein and re-alleged as if expressly set forth herein.

112.     Defendants Royal Express, Isle Edge and Burdick have claimed comparative fault against KLLM and driver, Stanley Richardson. To present the issue for the jury, Plaintiff would plead comparative negligence, if any, against KLLM and Defendant driver Richardson.

## COUNT VII
## DAMAGES

113.     All preceding statements and allegations of Mr. Tribble's complaint are incorporated herein and re-alleged as if expressly set forth herein.

114.     As a direct and proximate result of the Defendants' negligence, Mr. Tribble was made to suffer economic and non-economic damages to the extent allowed by the law for restitution to take place.

115.     The damages suffered by Mr. Tribble fall within the foreseeable range of harms that result from the Defendants negligence.

16

116.     Based on reasonable information and belief, it is believed that Mr. Tribble's injuries are permanent in nature.

117.     Mr. Tribble's injuries are such that they are foreseeable consequences of the actions of Defendants' negligence.

118.     Mr. Tribble has suffered economic and non-economic losses as may be shown at the hearing of this matter and to the full extent allowed by the law, he is due restitution.

119.     Mrs. Terri Tribble, as a result of the Defendant's negligence, and statutory violations, has suffered a loss in the companionship, society, services, and consortium with Mr. Christopher Tribble.

120.     As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other defendants acts of negligence, directly and proximately caused the collision and Mr. Tribble's injuries.

121.     Defendants knowingly, intentionally recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

122.     Defendants' conduct constituted a conscious disregard for the life and safety of Mr. Tribble and for the lives and safety of the motoring public generally, and these defendants are therefore liable, to Mr. Tribble for exemplary or punitive damages.

**NOT TO BE READ TO THE JURY**
**COUNT VIII – DECLARATION OF UNCONSTITUTIONALITY**

123.     All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

124.     Mr. Tribble seeks a judicial determination of his legal rights with respect to Tenn. Code Ann. § 29-39-102, as well as a judicial determination that Tenn. Code Ann. § 29-39-102

17

violates the Tennessee Constitution, pursuant to Tennessee's Declaratory Judgments Act, Tenn. Code Ann. § 29-14-102.

125.    Mr. Tribble has alleged injuries compensable only through non-economic damages, which, based upon severity, experience before the Tennessee courts and Tennessee juries in cases of similarly significant injuries, greatly exceed the applicable limitations on such damages under Tenn. Code Ann. § 29-39-102.

126.    The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the Mr. Tribble's fundamental and "inviolate" right to trial by jury, guaranteed by Article 1, § 6 of the Tennessee Constitution, by supplanting the jury's determination of facts proven at a fair and proper trial, namely, appropriate compensation, and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guaranteed determination of those facts.

127.    The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the separation of powers mandated by Article II, §§ 1 & 2 of the Tennessee Constitution by permitting the General Assembly to require judges to enter judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate to itself the judicial power to suggest remittitur, and by permitting the General Assembly to impermissibly encroach upon the adjudicative function of the judicial branch.

128.    Defendants have a real interest, adverse to Mr. Tribble's, in having the cap under TENN. CODE ANN. § 29-39-102 applied to limit the damages and their liability in this case.

129.    Mr. Tribble's non-economic damages (as defined in TENN. CODE ANN. § 29-39-101) exceed $750,000. To the extent that the jury agrees and deems it appropriate, given the facts and the law, to award non-economic damages to Mr. Tribble in an amount in excess of $750,000, the

Court may be called upon by one or more of the Defendants to reduce the jury's verdict for non-economic damages to $750,000 under TENN. CODE ANN. § 29-39-102.

130.    Any reduction of the jury's verdict pursuant to TENN. CODE ANN. § 29-39-102, whether sought by the defendants or by act of the Court sua sponte or on motion would violate the following constitutional provisions: Article I, Section 6 of the Constitution of Tennessee; Article I, Section 8 of the Constitution of Tennessee; Article I, Section 17 of the Constitution of Tennessee; Article I, Section 23 of the Constitution of Tennessee; Article II, Section 2 of the Constitution of Tennessee; Article VI, Section 1 of the Constitution of Tennessee; Article XI, Section 16 of the Constitution of Tennessee; the equal protection and due process guarantees afforded to Tennesseans, including Mr. Tribble, under the Constitution of Tennessee and the Constitution of the United States of America; and the right to trial by jury secured by the Seventh Amendment to the Constitution of the United States.

131.    Thus, Mr. Tribble asks that the Court find and declare that the TENN. CODE ANN. § 29-39-102 violates one or more of the aforementioned constitutional provisions, is invalid as a matter of law, and can serve as no limitation whatsoever on entry of judgment for the non-economic damages and losses sustained by Mr. Tribble, as determined by the jurors selected by the parties and empaneled by the Court in this cause.

132.    Notice of this action will be mailed to the Attorney General of the State of Tennessee as required by Tenn. R. Civ. P. 24 and Tenn. Code Ann. § 29-14-107, notifying the State of Tennessee Attorney General that Plaintiffs are challenging the constitutionality of TENN. CODE ANN. § 29-39-102.

133.    Mr. Tribble acknowledges that this issue is not ripe, as a judgment has not been obtained in excess of the caps (see *Clark v. Cain*, 479 S.W.3d 820, 832 (Tenn. 2015)) and all matters

including briefing should be stayed until post-verdict, at which time the Court should set a time for the Attorney General to intervene and schedule briefing on the merits of these issues.

134.    Plaintiffs reserve the right to more fully set forth the basis of the unconstitutionality of these statutes once a judgment has been entered and the issue is ripe.

**WHEREFORE,** Mr. Tribble prays that the following relief be granted:

a.  A  trial by jury;

b.  For Summons and Complaint to issue against the Defendants;

c.  That Mr. Tribble obtain judgment for restitution of all economic and noneconomic damages to which an impartial jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $2,500,000. Mrs. Tribble seeks loss of consortium damages not to exceed $200,000.

d.  For an award of punitive damages against Defendants Isle Edge, and Burdick in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $2,500,000.

e.  Court Cost and discretionary Costs.

f.  For all such further and general relief which this Court deems just and proper.


Respectfully submitted,
**TRUCK WRECK JUSTICE, PLLC**


BY:    */s/ Danny R. Ellis*
_____
**DANNY R. ELLIS, BPR#020747**
**MORGAN G. ADAMS, BPR #013693**
ATTORNEYS FOR PLAINTIFFS
1419 Market Street
Chattanooga, TN   37402
Telephone:    [423] 265-2020
Fax:              [423] 265-2025

## CERTIFICATE OF CONSULTATION

This is to certify that I have had consultation with opposing counsel who is unopposed to amending the complaint to add Royal Express, Inc., KLLM Transport Services, LLC, and Stanley Richardson as named defendants in this cause of action.

CERTIFIED TO THE COURT BY:

/s/ Danny R. Ellis

DANNY R. ELLIS
ATTORNEYS FOR PLAINTIFFS

Date: 5/16/19

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleadings has been served on the following counsel of record via CM/ECF and/or in the manner of service indicated below:

| | |
|---|---|
| Hand<br>Mail<br>Fax<br>Fed X<br>Email | Mary Ann Stackhouse Esq.<br>Marshall W. Stair, Esq.<br>Lewis Thomason<br>620 Market Street, 5th Floor<br>P.O. Box 2425<br>Knoxville, TN 37901<br>*Attorneys for Isle Edge, Steven Allen Burdick, and Royal Express.* |

This the 16th day of May, 2019.

/s/ Danny R. Ellis

21